

**U N I T E D   S T A T E S   D I S T R I C T   C O U R T**
**D I S T R I C T   O F   N E W   J E R S E Y**

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**
    **JUDGE**

## LETTER OPINION

June 28, 2007

Robert J. Triffin
P.O. Box 551
Drexel Hill, PA 19026
*Plaintiff Pro Se*

Joseph A. Carita
Parker McCay & Criscuolo
Route 73 & Greentree Road
P.O. Box 974
Marlton, NJ 08053
*Attorney for Defendant Commerce Bank, N.A.*

    Re:    <u>Robert J. Triffin v. Commerce Bank, N.A. and Federal Reserve Bank</u>
            <u>Civil Action No. 07-CV-1759 (WJM)</u>

Dear Litigants:

    This matter comes before the Court on Defendant Commerce Bank, N.A.'s ("Commerce Bank") motion to dismiss Plaintiff *Pro Se* Robert J. Triffin's ("Triffin") complaint. For the following reasons, Commerce Bank's motion is **GRANTED** and Triffin's complaint is **DISMISSED WITH PREJUDE**. In addition, Triffin is ordered to show cause before the Court why costs and fees should not be awarded to Commerce Bank, and/or sanctions imposed.

### BACKGROUND

    On March 6, 2007, Triffin filed a complaint in the Superior Court of New Jersey. Defendant Federal Reserve Bank (the "Federal Reserve") later removed the action to this Court. In his complaint, Triffin alleges that he purchased the rights to five dishonored checks from two companies, Friendly Check Cashing Corp. ("Friendly") and Nalini Investment, Inc. ("Nalini"). Triffin claims that Friendly and Nalini attempted to cash the checks, which were written on

Commerce Bank accounts, but Commerce Bank dishonored them for insufficient funds. According to Triffin, Commerce Bank then returned photocopies of the dishonored checks to Friendly and Nalini.  The checks were stamped by Commerce Bank with the following notation: "Return Reason - A Not Sufficient Funds."

The focus of Triffin's complaint is not on Commerce Bank's dishonoring of the checks. Instead, Triffin attacks Commerce Bank's return of the photocopied checks to Friendly and Nalini.  He claims that the photocopied checks were missing "written terms" contained in the original checks.  (Compl., Claim One, ¶ 4; Compl., Claim Two, ¶ 4.)  Triffin, though, does not state what written terms are missing from the original checks, nor does he state how Friendly or Nalini were damaged by the deletion of these terms.  What Triffin does contend, though, is that Commerce Bank is liable to him for its failure to include these written terms.  Specifically, Triffin alleges that Commerce Bank violated the warranty provisions of the Check Clearing for the 21st Century Act (the "Check 21 Act"), 12 U.S.C. §§ 5001-5018, by not returning an exact copy of the checks to Friendly and Nalini.  In his complaint, Triffin seeks damages in the amount of the face value of the checks.  Triffin also seeks pre-judgment interest and the returned check fees levied on each check.  In total, Triffin seeks approximately $550.00 in damages for the five dishonored checks.

After the matter was removed to this Court, Triffin voluntarily dismissed the Federal Reserve.  Commerce Bank, which is the only remaining defendant, then moved to dismiss Triffin's complaint for failure to state a claim under Rule 12(b)(6).  Triffin did not file any opposition.

## STANDARD OF REVIEW

In deciding a motion to dismiss under Rule 12(b)(6), "[c]ourts are required to accept all well-pleaded allegations in the complaint as true and to draw all reasonable inferences in favor of the non-moving party."  *In re Rockefeller Ctr. Props. Secs. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002).  The issue to be decided "is not whether [plaintiff] will ultimately prevail in a trial on the merits, but whether [he] should be afforded an opportunity to offer evidence in support of [his] claims."  *Id*.  A court may not grant a motion to dismiss for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Id*.

## DISCUSSION

Triffin's complaint contains two counts, each attempting to allege claims under the warranty provisions of the Check 21 Act.  Enacted in October 2004, the Check 21 Act allows banks to create negotiable instruments called "substitute checks" that are the legal equivalent of the original checks for which they were created.  *See* 12 U.S.C. § 5003(b).  The purpose of the Check 21 Act was to "to provide for check truncation ... in order to improve the check processing system," to "foster innovation in the check collection system without mandating receipt of checks

in electronic form," and "[t]o improve the overall efficiency of the Nation's payment system." 12 U.S.C. § 5001(a)(3), (b)(1)-(3).

The Check 21 Act also provides certain warranties to protect recipients of substitute checks.  12 U.S.C. § 5004; 12 C.F.R. § 229.52.  These warranties are intended to protect recipients against losses associated with the check substitution process.  *See generally*, Official Commentary to Regulation CC, 12 C.F.R. § 229, appx. E.  One of these warranties provides that "[a] bank that transfers, presents, or returns a substitute check ... for which it receives consideration warrants ... that ... [t]he substitute check meets the requirements of legal equivalence...."  12 C.F.R. § 229.52(a)(1).  The requirements of "legal equivalence" provide, among other things, that a substitute check "[a]ccurately represents all of the information on the front and back of the original check as of the time the original check was truncated...."  12 C.F.R. § 229.51(a)(1).  Triffin relies on this specific warranty in seeking damages for the dishonored checks.

Triffin's complaint will be dismissed.  While case law regarding the Check 21 Act is sparse, it is clear that the substitute check warranties are intended "to protect substitute check recipients against losses associated with the check substitution process."  Collection of Checks and Other Items by Federal Reserve Banks and Funds Transfers Through Fedwire, 69 Fed. Reg. 62,553 (Oct. 27, 2004).  Accordingly the sine qua non of a substitute check warranty claim is that the purported loss suffered by the plaintiff arose from a breach of a substitute check warranty. Indeed, the requirement that the check substitution process be the cause of a plaintiff's loss is so fundamental to a warranty claim that it is incorporated in the provision governing damages for the breach of a substitute check warranty.  *See* 12 C.F.R. § 229.56 ("any person that breaches a warranty described in § 229.52 ... shall be liable to that person for an amount equal to the sum of – (i) the amount of the loss suffered by the person as a result of the breach or failure, up to the amount of the substitute check; and (ii) [i]nterest and expenses.").

Here, Triffin's complaint fails to even hint to any damages suffered because of Commerce Bank's breach of a substitute check warranty.  Clearly, this is a requirement to state a substitute check warranty claim.  Because Triffin fails to allege this basic requirement, his claims must fail.  Moreover, as noted above, Triffin does not even mention what information is purportedly missing from the substitute checks.  If a harm was suffered by the alleged breach of a substitute check warranty, in all likelihood Triffin would be able to point to the missing information and causally connect it to a harm suffered.  His failure to do so further supports the Court's dismissal of his claims.

Furthermore, the Court notes that it is troubled by this litigation.  Here, not only was Triffin's complaint frivolous, but a search of this Court's dockets and a review of publicly available information leads the Court to strongly suspect that Triffin brought this complaint in bad faith, without any factual foundation, in order to harass Commerce Bank.  *See Triffin v. American Intern. Group, Inc.*, 372 N.J. Super. 517, 521 n.2 (2004) (noting Triffin's "notoriety" for having "filed over 15,000 lawsuits as assignee of dishonored checks); *see also* Tim O'Brien,

*Frequent Filer Flagged as Fraud*, 176 N.J.L.J. (April 26, 2004); Tim O'Brien, *N.J. Appellate Courts are Putting Frequent Filer's Feats to the Fire*, 177 N.J.L.J. 177 (July 19, 2004). In such circumstances, sanctions may be appropriate under Federal Rule of Civil Procedure 11. *See Teamsters Local Union No. 430 v. Cement Express, Inc.*, 841 F.2d 66, 68 (3d Cir. 1988). Therefore, the Court shall order Triffin to show cause before the Court why attorneys fees and costs should not be awarded to Commerce Bank, and/or sanctions imposed. The Order accompanying this Letter Opinion will set forth the date and time on which Triffin shall appear before the Court.

## CONCLUSION

For the foregoing reasons, Commerce Bank's motion to dismiss Triffin's complaint is **GRANTED** and Triffin's complaint is **DISMISSED WITH PREJUDICE**. Furthermore, Triffin is hereby **ORDERED TO SHOW CAUSE** why attorneys costs and fees should not be awarded to Commerce Bank, and/or sanctions imposed. An appropriate Order accompanies this Letter Opinion.

s/William J. Martini
_____
**Hon. William J. Martini, U.S.D.J.**